Rising Dev. Yonkers Mill/Main, LLC v Subercaseaux (2023 NY Slip Op 51251(U))

[*1]

Rising Dev. Yonkers Mill/Main, LLC v Subercaseaux

2023 NY Slip Op 51251(U)

Decided on October 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-947 W C

Rising Development Yonkers Mill/Main, LLC, Respondent, 
against
Michael Subercaseaux, Appellant, et al., Undertenants. 

Antoine Law Firm, LLC (Wilson D. Antoine of counsel), for appellant.
Smith, Buss & Jacobs, LLP (John Malley of counsel), for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Evan Inlaw, J.), entered December 16, 2022. The order denied tenant's motion to vacate a final judgment in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs. 
In this holdover proceeding commenced after tenant's unregulated lease expired, the matter was adjourned for approximately two months, to October 13, 2022, a Thursday, for trial. Insofar as is relevant to the issue on appeal, on the date of trial, tenant's attorney sought an adjournment because it was "impossible" for tenant to appear in court due to an injury which occurred in March 2022. Counsel stated that access-a-ride "doesn't do it," rides provided by Medicaid are only for doctor's appointments, there was an issue with Uber, and the terrain from tenant's apartment to court is "very hilly." The City Court denied counsel's application and the trial proceeded with tenant represented by his attorney. A final judgment awarding landlord possession and the sum of $9,887.78 was entered on November 4, 2022. 
Tenant moved to vacate the final judgment, alleging that he did not learn "until the week [of] trial" that his "anticipated mode of transportation would not accommodate" him, and that, "the day before trial," he informed his attorney "to see what accommodations the court [could] provide." Tenant also alleged that there were objectionable conditions in the subject building [*2]and apartment, and that he had made many complaints to landlord and the City of Yonkers regarding those conditions. In reply papers, tenant alleged that he "tried to secure an ambulette service for the October 13, 2022 trial" but that he was advised that the cost would not be subsidized, as it had been for his medical appointments, and he could not afford the cost on his own. 
In an order entered December 16, 2022, the City Court denied tenant's motion, stating that he "had almost two months between the August 25th Court appearance and the October 13th trial date to make the necessary arrangements for transportation." He argues on appeal that his medical condition, which affects his mobility, constitutes a reasonable excuse for missing a court appearance and that he should be afforded the opportunity to prove his defenses of retaliatory eviction and breach of the warranty of habitability. 
Whether tenant's argument on appeal is that his failure to appear for trial should be excused or that his request for an adjournment based upon his alleged inability to appear for trial should have been granted, we find that the City Court properly denied tenant's motion to vacate the final judgment for the reasons stated by the City Court. 
Accordingly, the order is affirmed.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2023